UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GLEN M. HILLEGASS,                                       )<br>                                                                        )<br>            Plaintiff,                                               )<br>                                                                        )<br>            v.                                                        )<br>                                                                        )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>*sued as Martin O'Malley,*                                )<br>*Commissioner of Social Security Administration,*[1] )<br>                                                                        )<br>            Defendant.                                         ) | CAUSE NO. 1:21-cv-00164-SLC |

## OPINION AND ORDER

Plaintiff Glen M. Hillegass brought this suit on April 30, 2021, to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On September 20, 2021, pursuant to an unopposed motion by the Commissioner, the Court remanded the case to the Commissioner for further administrative action pursuant to 42 U.S.C. § 1383(c)(3) and sentence six of § 405(g), retaining jurisdiction over the case. (ECF 16, 17). On December 7, 2022, after completion of the administrative proceedings and pursuant to another unopposed motion by the Commissioner, the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), entering a judgment in Hillegass's favor. (ECF 18, 19, 21, 23-25).

Hillegass's attorney, Jason Rodman of Forbes Rodman PC,[2] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $8,303.71, less

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for Andrew Saul in this case. *See Melissa R. v. Martin J. O'Malley,* No. 1:22-cv-02404-TAB-TWP, 2023 WL 8866397, at *1 n.1 (S.D. Ind. Dec. 22, 2023).

[2] Hillegass is also represented by Attorneys Ann Young and Randal Forbes of Forbes Rodman PC. For ease, the Court will refer to Rodman, Young, and/or Forbes herein as "Counsel."

$5,778.50 in attorney fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, resulting in a net payment of $2,525.21 for Counsel's representation of Hillegass in federal court. (ECF 29).[3] The Commissioner filed a response indicating that she "has no direct financial stake in the outcome of this motion," and therefore, "neither supports nor opposes [C]ounsel's request . . . ." (ECF 30 at 1). The motion is now ripe for ruling.

For the following reasons, the motion for attorney fees will be GRANTED.

### A. Factual and Procedural Background

On April 23, 2021, Counsel entered into a fee agreement with Hillegass for their representation of him in federal court, in which Hillegass agreed to pay them 25 percent of any past-due benefits awarded to him and his family. (ECF 29-1).[4] On April 30, 2021, Hillegass, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of his application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Hillegass's favor on December 7, 2022. (ECF 25).

On January 6, 2023, Counsel filed a request for attorney fees under the EAJA in the amount of $5,778.50 for the 24.55 attorney hours and 1.2 paralegal hours spent advocating Hillegass's claim in federal court. (ECF 26). The Commissioner did not oppose the motion, and thus, the Court granted it on January 12, 2023, awarding Hillegass $5,778.50 in EAJA fees. (ECF 27, 28).

---

[3] The format of Counsel's motion is noncompliant with Local Rule 5-4(a)(5), and as such, the motion could be summarily stricken pursuant to Local Rule 1-3(a)(1). However, for purposes of expediency, the Court will let the motion stand and simply admonish Counsel to comply with all Local Rule formatting requirements in the future.
　　Also, as the Commissioner notes (ECF 30 at 3-4), in the motion Counsel at times conflates the concepts of refunding the EAJA fees already paid and the practice of netting, where the attorney receives only the difference between the total 406(b) award and the EAJA fee already paid. (*See* ECF 29 at 4). Regardless, the Court often employs the practice of netting and will do so here.

[4] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

On October 13, 2023, the Commissioner issued Hillegass a fully favorable decision and on November 10, 2023, sent him a notice of award, explaining that he was entitled to monthly disability benefits beginning October 31, 2018, and past-due benefits in the amount of $33,214.86. (ECF 29-4, 29-5 at 1-2). On November 14, 2023, Counsel filed the instant motion, together with supporting documents, seeking the Court's approval of a § 406(b) award of $8,303.71, less $5,778.50 in EAJA fees previously awarded, resulting in a net payment of $2,525.21 for the 24.55 attorney hours and 1.2 paralegal hours spent advocating Hillegass's appeal in federal court. (ECF 29, 29-1 to 29-5).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[5]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. § 416.1525(a).[6] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. §

---

[5] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[6] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[7] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>     Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### C. Analysis

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $8,303.71 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ."

---

[7] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). The notice of benefits from the Commissioner indicates that Hillegass was awarded $33,214.86 in past-due benefits. (ECF 29-5 at 2). As such, the fee amount that Counsel requests, $8,303.71 (that is, $2,525.21 plus $5,778.50 previously awarded EAJA fees), does not exceed 25 percent of Hillegass's past-due benefits. *See Janet H.*, 2020 WL 6946471, at *2 (finding at the outset that the attorney's fee request fell "well beneath the amount authorized by the Plaintiff's duly signed contingent fee agreement and the amount authorized by § 406(b)").

Counsel contends that the requested fee award of $8,303.71 is reasonable for the 24.55 attorney hours and 1.2 paralegal hours spent representing Hillegass in federal court. (ECF 29 ¶¶ 12, 13).[8] It is obvious that Counsel obtained a good result for Hillegass, as the Commissioner ultimately found him disabled and awarded him disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). In doing so, Counsel did not request any extensions of time and thus did not contribute to any delay of the case. *See id.* (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's

---

[8] The Court observes that a majority of Counsel's hours relate to the administrative proceedings after the sentence-six remand, but that does not preclude a fee award here. (ECF 29-2); *see Sullivan v. Hudson*, 490 U.S. 877 (1989) (stating that in cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings upon remand, a claimant may collect EAJA fees for work done at the administrative level).

counsel] . . . caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases."). Indeed, it is "widely recognized . . . that recovery under contingency fee agreements serves to offset an attorney's losing cases, . . . [which] is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

Further, Counsel's requested fee of $8,303.71 divided by the 24.55 attorney hours plus 1.2 paralegal hours spent on the case in federal court equates to an effective rate of about $322 per hour, which falls well within the range regularly awarded by this Court. *See, e.g. Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per

hour).⁹

Therefore, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $8,303.71, less $5,778.50 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $2,525.21.

### *D. Conclusion*

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 29) is GRANTED in the amount of $8,303.71, less $5,778.50 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $2,525.21. The Commissioner shall pay Forbes Rodman PC, $2,525.21 out of Hillegass's past-due benefits and release any remaining withheld benefits to Hillegass. Counsel is allowed to retain the $5,778.50 in EAJA fees previously awarded.

Also, as noted *supra* in footnote 3, the Court ADMONISHES Counsel to comply with the Court's Local Rule 5-4 formatting requirements when filing motions in the future or risk them being summarily stricken pursuant to Local Rule 1-3(a)(1).

SO ORDERED.

Entered this 4th day of January 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge

---

⁹ While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus, *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen*, 2004 WL 1737443, at *5; *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").